# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:03-cr-00164-1 |
| | ) | Judge Nixon |
| | ) | |
| **ROBERTO CRUZ FIGUEROA** | ) | |

## ORDER

Pending before the Court is Defendant Roberto Cruz Figueroa's Motion for Early Termination of Supervised Release ("Motion"). (Doc. No. 125.) The United States ("Government") filed a Response in Opposition (Doc. No. 126) and Defendant filed a Reply (Doc. No. 127).

Defendant pleaded guilty to the charges of conspiracy to possess with intent to distribute 500 grams or more of cocaine and possession with intent to distribute 500 grams or more of cocaine. He was sentenced on February 22, 2005, to 144 months imprisonment on each count to be served concurrently, followed by five years of supervised release on each count, also to run concurrently. Defendant was released to supervision on February 14, 2014, and is currently scheduled to terminate from supervision on February 13, 2019. (Doc. No. 126 at 1.) He seeks early termination of his supervised release on grounds that he has been fully compliant with its terms, has tested negative for the use of drugs, and has maintained steady employment. (Doc. No. 125 at 1.) In support, Defendant offers a letter from his employer stating that he has been employed at a Cracker Barrel store since November 2013 and has at all times been "very hardworking, polite, courteous, trustworthy, and dependable," that he is "accountable for maintaining and cleaning the restaurant overnight while no one else is in the building," and that

he "follows all security procedures…to ensure the safety of [the] managers and staff." (Doc. No. 125-1 at 2.)

The Government opposes early termination on the grounds that Defendant has served less than half of the five year term imposed, that he has done nothing extraordinary to justify early termination but rather has simply abided by the conditions of his supervision, and that supervision does not present a burden for him because he can submit his monthly reports by mail or email. (Doc. No. 126 at 1.) Defendant's probation officer agrees that he has been compliant with the terms of his supervision but takes no position on whether the Court should grant the Motion. (Doc. No. 125 at 1–2.)

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Factors to be considered include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education or vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established for the applicable category of offense committed by the applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4)–(7).

The Court finds early termination of supervised release is warranted under these factors. Defendant has completed more than one year of his term of supervised release. Although the Government describes Defendant's crimes as "serious drug trafficking offenses" (Doc. No. 126 at 1), it does not point to any specific facts underlying those offenses or related to Defendant's current course of conduct that would weigh against early termination of supervised release. *See, e.g.*, *United States v. Atkin*, 38 F. App'x 196, 197–98 (6th Cir. 2002) (early termination denied where defendant attacked character of prosecutor in his motion and claimed to have been framed); *United States v. Maynus*, No. 2:01-CR-00128(3), 2014 WL 1884264, at *2 (S.D. Ohio May 9, 2014) (early termination denied where crime involved "extreme and dangerous circumstances that posed a threat to law enforcement officers as well as civilians").

As to the deterrence and sentencing factors, Defendant served over nine years in prison, including time served awaiting sentencing, and has now served over two years on supervised release. The time already served exceeds the minimum sentence required for his offenses. *See* 21 U.S.C. § 841(a)(1) (no less than five years imprisonment); 21 U.S.C. § 846 (conviction for conspiracy subject to the same penalties as for the offense).

The Government does not argue, and it does not appear to the Court, that there is presently a need to protect the public that requires ongoing supervision. Defendant is in compliance, he is gainfully employed, and he has provided evidence to the Court of his employer's trust in his good character. Having previously eliminated the requirement that Defendant obtain his general equivalency diploma (Doc. No. 124), there is no need to provide Defendant with education, training, or treatment. The factor concerning restitution is not applicable.

Although the Government contends that Defendant is required to show "exceptionally good behavior" in order to be eligible for early termination,[1] neither the controlling statutes nor the policies of the U.S. Sentencing Commission referenced therein impose such a requirement. Rather, the Sentencing Commission's Guidelines state: "The court has authority to terminate or extend a term of supervised release. The court is *encouraged* to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2, Application Note 5 (emphasis added) (internal citation omitted). In light of the above, the Court finds this to be an appropriate case for early termination of supervised release. Accordingly, the Court **GRANTS** the Motion; Defendant's supervised release shall be terminated immediately.

It is so ORDERED.

Entered this the 6th day of June, 2016.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] For this proposition the Government relies on *United States v. Campbell*, No. 05-6235, 2006 WL 3925588 (6th Cir. July 25, 2006), and *Atkin*, 38 F. App'x at 198, which Defendant credibly argues apply language from *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997), out of context. As the cases cited by the Government are also unpublished and distinguishable from the case at bar, the Court will be guided by the statute in ruling on Defendant's Motion.